IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY L. HERNANDEZ, Individually<br>and on Behalf of Others Similarly Situated,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-0350 |
| KYLE & MIKE, INC., d/b/a<br>FRUTILANDIA NO. 2, and<br>KHALED YOUSSEF, Individually,<br>    Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Kyle & Mike, Inc., d/b/a Frutilandia No. 2 ("Frutilandia") and its owner Khaled Youssef ("Youssef") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. The Defendants' plan includes paying employees for hours worked in excess of 40 in cash so that these payments to not appear in their payroll records. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Nancy L. Hernandez ("Hernandez" or "Plaintiff") is one of the workers who was hired by Defendants as an hourly employee and not paid overtime pay, and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and Her Co-Workers' Claims

1. Hernandez worked for Frutilandia as a cashier and check casher from 2002 until

March of 2019. Hernandez's duties included, but were not limited to, operating a cash register to check out customers and cashing customers' checks.

2. During the time she worked for the Defendants, Plaintiff regularly worked in excess of 40 hours per week. Plaintiff was not an exempt employee.

3. Defendants paid Hernandez on an hourly basis. Defendants did not pay Hernandez an overtime premium for any of the hours she worked in excess of 40 in a workweek. Instead, they paid Hernandez the same hourly rate for all the hours she worked ("straight time"). Each week that Hernandez worked over 40 hours, Defendants calculated her time on an adding machine, paid her 40 hours by paycheck, and paid her the remainder in cash at the straight time rate.

4. Hernandez worked with numerous other individuals who were paid on an hourly basis. These employees also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked over of 40. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

5. Defendant Youssef is an owner and the President of Frutilandia and controls the day-to-day operations of the business. Youssef exercises the authority to hire and fire employees, sets their pay rates, and determines that employees are not paid overtime.

## Allegations Regarding FLSA Coverage

6. Defendant Frutilandia is a Texas corporation that is covered by and subject to the overtime requirements of the FLSA.

7. During each of the three years prior to this complaint being filed, Defendant Frutilandia was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting

transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendant Frutilandia regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

9. During each of the three years prior to this complaint being filed, Defendant Frutilandia conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendant Frutilandia's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

11. Defendant Youssef exercised the type of control required to make him an "employer" of Hernandez and the other employees of Frutilandia and he is thus individually liable to Hernandez and any other employees who join this lawsuit.

12. Defendants were legally required to pay Hernandez and her similarly situated hourly co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

13. Hernandez worked over 40 hours in most of the workweeks that she worked for Frutilandia.

14. Members of the Class also worked over 40 hours in many workweeks that they worked for Frutilandia.

15. Defendants did not pay Hernandez time-and-a-half for any of the overtime hours that she worked for Frutilandia. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Frutilandia to gain an unfair advantage in the marketplace as compared to other grocery stores that pay their employees all of the wages required by law.

16. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Hernandez and Members of the Class. Such practice was and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17. Defendants violated the FLSA by failing to pay Hernandez overtime pay for hours worked over 40 per workweek.

18. Hernandez has suffered damages as a direct result of Defendants' illegal actions.

19. Defendants are liable to Hernandez for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

20. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying non-exempt hourly workers on a straight-time basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

21. The class of similarly situated Plaintiffs is properly defined as:

**All individuals who are/were employed by and paid on an hourly basis basis by Defendant Kyle & Mike, Inc. during the three-year period preceding the filing of this Complaint.**

### Defendants, Jurisdiction, and Venue

22. Defendant Kyle & Mike, Inc. is a Texas corporation and an "employer" as defined by the FLSA. This Defendant may be served through its registered agent, Khaled Youssef, at 7235 Hillcroft, Houston, Texas 77081, or wherever he may be found.

23. Defendant Khaled Youssef may be served at 7235 Hillcroft, Houston, Texas 77081, or wherever he may be found.

24. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

25. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all hourly employees of Kyle & Mike, Inc. during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment

   interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. For such further relief as the Court deems just and equitable.

            Respectfully Submitted,

            **THE BUENKER LAW FIRM**

            */s/ Josef F. Buenker*
            Josef F. Buenker
            TBA No. 03316860
            jbuenker@buenkerlaw.com
            2060 North Loop West, Suite 215
            Houston, Texas 77018
            713-868-3388 Telephone
            713-683-9940 Facsimile

            **ATTORNEY-IN-CHARGE FOR**
            **PLAINTIFF NANCY L. HERNANDEZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**NANCY L. HERNANDEZ**